McMillan, judge.
The appellant filed a petition for writ of habeas corpus, alleging that the indictment which charged him with the violation of the Alabama Uniform Controlled Substances Act was insufficient because it failed to specifically aver one of the three essential elements of the crime, specifically the element of knowledge or intent.
The trial court dismissed the appellant’s petition on the grounds that the appellant had failed to comply with the form provided by Rule 20, Alabama Rules of Temporary Procedure, and on the ground that venue was improper because the petition was filed in Elmore County. According to Rule 20.5, Alabama Temporary Rules of Criminal Procedure:
“Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred.”
The appellant’s conviction occurred in Washington County; thus, the Circuit Court of Elmore County should have transferred the case to the Circuit Court of Washington County. Additionally, if the petitioner fails to use the form provided by Rule 20, “the court shall return the petition to the petitioner to be amended to comply with the form.” Rule 20.6(a), Alabama Temporary Rules of Criminal Procedure.
Furthermore, the failure of an indictment to charge an offense is a jurisdictional matter, Barbee v. State, 417 So.2d 611 (Ala.Cr.App.1982), and is properly raised in a Rule 20 petition. See Rule 20.2(a)(3). Therefore, the appellant was entitled to a hearing on this matter. This cause is remanded to the Circuit Court of Elmore County with orders, assuming the appellant complies with the requirements for the Rule 20 form, pursuant to Rule 20.6(a), to transfer this cause to the Circuit Court of Washington County in order for a hearing to be held on the appellant’s petition.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.