533 S.E.2d 38

**STATE of West Virginia ex rel. Billy Ray McLAUGHLIN, Petitioner,**

v.

**Honorable Charles M. VICKERS, Judge of the Circuit Court of Fayette County, Respondent.**

**No. 26835.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 11, 2000.

Decided June 14, 2000.

MAYNARD, Chief Justice:

This case is before this Court upon a petition for a writ of prohibition filed by the petitioner, Billy Ray McLaughlin, against the respondent, the Honorable Charles M. Vickers, Judge of the Circuit Court of Fayette County, West Virginia. The petitioner seeks to prohibit the respondent judge from transferring his petition for a writ of habeas corpus which he filed in the Circuit Court of Fayette County on August 28, 1998, to the Circuit Court of Greenbrier County. The petitioner also asks that the respondent judge be ordered to rule on the merits of his habeas petition in accordance with this Court's decision in *Adams v. Circuit Court of Randolph County,* 173 W.Va. 448, 317 S.E.2d 808 (1984). We issued a rule to show cause and now, for the reasons set forth below, deny the writ.

I.

The petitioner was convicted of first-degree murder in the Circuit Court of Greenbrier County on May 8, 1996. He was sentenced to life without mercy and is currently incarcerated at the Mount Olive Correctional Complex in Fayette County, West Virginia.[1] On August 28, 1998, the petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Fayette County. His case was assigned to the respondent judge.

On September 10, 1999, the respondent judge issued an order granting the writ of habeas corpus and directing that it be returned to the Circuit Court of Pocahontas County.[2] In response, the petitioner filed a motion to vacate the transfer order asserting that it conflicted with this Court's decision in *Adams, supra.* Specifically, the petitioner argued that the respondent judge had waited too long to transfer his habeas petition, and therefore, he was required to render a decision on the merits of the case. On September 30, 1999, the respondent judge denied the petitioner's motion to vacate the transfer order, and on October 1, 1999, he issued an

Gregory L. Ayers, Esq., Kanawha County Public Defender Office, Charleston, West Virginia, Attorney for Petitioner.

Keith A. Jones, Esq., Charleston, West Virginia, Attorney for Respondent.

---

1. This Court refused the petitioner's appeal of his murder conviction on September 3, 1997.

2. The petitioner was indicted in Pocahontas County, but his trial was held in Greenbrier County.

amended order transferring the habeas petition to the Circuit Court of Greenbrier County since that was the court in which the petitioner was convicted and sentenced. Thereafter, the petitioner filed this petition for a writ of prohibition with this Court.

## II.

■■■ Initially, we note that "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for [a petition for appeal] or certiorari." Syllabus Point 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953). *See also* W.Va.Code § 53-1-1 (1923).

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

With these standards in mind, we now consider whether a writ of prohibition should be issued.

■■■ The petitioner contends that based on this Court's decision in *Adams, supra*, the respondent judge exceeded his legitimate powers and erred as a matter of law when he transferred the petitioner's habeas petition to Greenbrier County. In Syllabus Point 2 of *Adams*, we noted that:

> Under W.Va.Code, 53-4A-3(b), the court receiving a writ of habeas corpus has three choices as to where to return the writ: "before (i) the court granting it, (ii) the circuit court, or a statutory court, of the county wherein the petitioner is incarcerated, or (iii) the circuit court, or the statutory court, in which, as the case may be, the petitioner was convicted and sentenced." [3]

However, we also recognized that "[t]he fact that a circuit court may return the writ to another circuit court does not ... justify an inordinate delay in making the decision to transfer." *Adams*, 173 W.Va. at 450, 317 S.E.2d at 810. Thus, in Syllabus Point 3 of *Adams*, this Court held:

> Given the office and function of the writ of habeas corpus, a circuit court should act with dispatch. Accordingly, a circuit court must transfer habeas corpus applications promptly, if transfer is appropriate. If it does not make a prompt transfer, it is required to render a decision on the merits of the writ.

In the case *sub judice*, the petitioner argues that because the respondent judge waited over a year before acting on his petition, he was required to render a decision on its merits as directed by Syllabus Point 3 of *Adams*. We disagree.

While a decision regarding the habeas petition at issue was not rendered for more than a year after it was filed, the record indicates that the respondent judge acted promptly once the habeas petition was

---

**3.** W.Va.Code § 53-4A-3(b) (1971) provides, in pertinent part:

> Whether the writ is granted by the supreme court of appeals, a circuit court, or any statutory court in this State, it shall, in the discretion of the court, be returnable before (i) the court

granting it, (ii) the circuit court, or a statutory court, of the county wherein the petitioner is incarcerated, or (iii) the circuit court, or the statutory court, in which, as the case may be, the petitioner was convicted and sentenced.

brought to his attention. Apparently, the respondent judge was unaware of the habeas petition until the petitioner's counsel requested that he render a decision. Shortly thereafter, the respondent judge granted the writ and ordered that it be returned to Pocahontas County. Although the decision in *Adams* was delayed for only eight months, this Court found that the only action taken by the circuit court was to transfer the case to the court where Adams had been convicted. In this case, the respondent judge determined there was probable cause to believe that the petitioner might be entitled to some relief before transferring the writ.

■ More importantly, unlike *Adams*, which involved purely legal issues that could be resolved without an evidentiary hearing, the habeas petition presented by the petitioner in this case contained allegations regarding his trial and included a specific request for an evidentiary hearing. Generally, if a habeas petition attacks the validity of the petitioner's conviction and/or sentence which serves as the basis for the petitioner's confinement, the writ is returned before the court wherein the petitioner was convicted and sentenced. *Wickliffe v. State*, 719 N.E.2d 822, 823 (Ind.Ct.App.1999). *See also Johnson v. State*, 555 So.2d 215 (Ala.Crim. App.1988) (petitioner's failure to file habeas petition challenging the sufficiency of the indictment in the court where he was convicted did not require dismissal; the court in which the petition was filed should have transferred the case to the court wherein the petitioner was convicted); *Griggs v. Superior Court of San Bernardino County*, 16 Cal.3d 341, 128 Cal.Rptr. 223, 546 P.2d 727 (1976) (if the petition for habeas corpus relief challenges a particular judgment or sentence, the petition should be transferred to the court which rendered the judgment, but if the petition challenges the conditions of the inmate's confinement, then the petition should be transferred to the superior court of the county wherein the inmate is confined, if that court is different from the court wherein the petition was filed); *Lash v. Wright*, 153 Ind. App. 299, 287 N.E.2d 255 (1972) (court having only jurisdiction of the petitioner's person and having received a habeas corpus petition must transfer cause without delay to the

court in which petitioner was convicted); *Laue v. Nelson*, 279 F.Supp. 265, 266 (N.D.Cal.1968) ("a district court should transfer a petition to the district in which the petitioner was convicted and sentenced if the transferring court is of the view that an evidentiary hearing will be necessary before a final determination can be had.").

■ The reasons for returning a writ challenging a conviction or sentence to the trial court are twofold. First, the records relating to the petitioner's conviction and sentencing are maintained by the county wherein the petitioner was convicted. Secondly, persons who are likely to testify and participate in the evidentiary hearing usually reside in or near that county. For instance, while the respondent judge in this case was able to determine from the habeas petition that there was probable cause to believe that the petitioner might be entitled to some relief, he was without the records or witnesses necessary to conduct an evidentiary hearing on the matter. Thus, the decision to return the writ to Greenbrier County was not only practical in terms of judicial economy, but also in the best interests of the petitioner because it would afford a fair and complete evidentiary hearing. For these reasons, we do not find that the respondent judge erred by ordering the petitioners' writ returnable before the Circuit Court of Greenbrier County.

Although we have determined that the petitioner is not entitled to the writ he has requested, it is not our intention to overrule Syllabus Point 3 of *Adams*. Instead, we take this opportunity to reiterate our prior holding that a circuit court must transfer habeas corpus applications promptly, if transfer is appropriate. As we noted in *Adams*, " '[t]he very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected.' " 173 W.Va. at 451, 317 S.E.2d at 810, *quoting Harris v. Nelson*, 394 U.S. 286, 291–92, 89 S.Ct. 1082, 1086–87, 22 L.Ed.2d 281, 286 (1969). In order to insure that post-conviction habeas corpus proceedings are processed expediently, this Court recently adopted Rules Governing Post–Conviction

Habeas Corpus Proceedings in West Virginia (hereinafter "Habeas Corpus Rules").[4]

 Rule 4(a) of the Habeas Corpus Rules also requires circuit courts to make a prompt determination of whether a habeas petition should be transferred to another court. Rule 4(a) specifically provides that:

> The original petition shall be presented promptly to the circuit court, ("the court"), in accordance with the procedure of the court for assignment of its business. The court shall promptly review whether the petition should be transferred to a venue set forth in Rule 3(a).[5] If transfer is appropriate, the court shall promptly enter an order transferring the petition.

As discussed above, habeas corpus petitions that challenge the petitioner's conviction or sentence are generally returned to the court wherein the petitioner was convicted and sentenced. This procedure is not only practical in the sense that it allows the court most familiar with the circumstances of the petitioner's case to consider the habeas petition, but it also serves to lighten the case load of courts located in counties with correctional facilities. Judicial time in these counties is often limited because of the great number of habeas petitions that are filed therein. Accordingly, we hold that in determining whether a habeas corpus petition is suitable for transfer to another court, the circuit court should consider whether the allegations set forth in the habeas petition relate to the petitioner's conviction and/or sentencing. If the petition does contain such allegations, then practical considerations and judicial economy ordinarily dictate that it be transferred to the county wherein the petitioner was convicted and sentenced. However, if the petition challenges the conditions of confinement or raises other purely legal questions or issues unrelated to the petitioner's conviction and/or sentencing, the writ should be returnable to the court in the county in which the petitioner is confined. In any event, the circuit court should act with dispatch and render a prompt decision.

While we are certainly concerned by the fact that the habeas petition at issue here was pending in the circuit court for nearly thirteen months, we, nonetheless, find that transferring the case to the county in which the petitioner was convicted was appropriate. Thus, for the reasons set forth above, the writ prayed for is denied.

Writ denied.

---

4. These rules were adopted by order dated December 13, 1999, and became effective immediately.

5. Rule 3(a) provides, in pertinent part:

A petition may be filed: (1) in the circuit court of the county wherein the petitioner is incarcerated; or (2) in the circuit court of the county wherein the petitioner was convicted and sentenced. If appropriate, the circuit court may transfer a petition to either venue.