# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David Dean Howe,**
**Petitioner Below, Petitioner**

**FILED**

April 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0275** (Mineral County 11-C-71)

**Anne Thomas, Warden, Parkersburg Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Dean Howe, *pro se*, appeals the order of the Circuit Court of Mineral County, entered February 7, 2012, summarily dismissing his petition for a writ of habeas corpus. The respondent warden[1] ("respondent"), by counsel, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is currently serving two consecutive sentences of two to ten years in prison following his guilty plea to two counts of counterfeiting. On May 26, 2011, petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Hampshire County[2] which transferred his petition to the Circuit Court of Mineral County where petitioner had been convicted and sentenced. *See* Syl. Pt. 5, *State ex rel. McLaughlin v. Vickers*, 207 W.Va. 405, 533 S.E.2d 38 (2000).

The Circuit Court of Mineral County entered an order summarily dismissing petitioner's habeas petition on February 7, 2012. The court ruled as follows:

---

[1] Subsequent to petitioner's filing of his appeal, he was ultimately transferred to Parkersburg Correctional Center; therefore, Anne Thomas, Warden, has been substituted as respondent herein pursuant to Rule 41(c) of the Rules of Appellate Procedure.

[2] At the time of the filing of his petition, petitioner was housed at the Potomac Highlands Regional Jail in Augusta, Hampshire County, West Virginia.

This Court has received multiple letters and Motions for Reconsideration from the Petitioner. This Petition simply contains the same allegations coupled in different terms. There was no merit to [petitioner]'s arguments then, and there is none now. The Petition is hereby **DISMISSED.**

On May 24, 2007, [petitioner] signed a very favorable plea agreement in which multiple charges were dismissed and the State recommended probation in exchange for a guilty plea to two counts of counterfeiting with a 2 to 10 sentence to run consecutive if [petitioner] violated probation. The Court accepted the agreement which [petitioner] stated under oath that he understood, and he further stated that he was satisfied with his counsel and the agreement.

[Petitioner] later violated the law, and admitted to violating probation, and his probation was revoked. He was sentenced to the original sentence, 2 to 10 **consecutively.**

There is no doubt [petitioner] regrets that he has consecutive sentences now that he is serving them, but self-serving claims that he thought he was to receive concurrent sentences are simply not true.

[Petitioner] has made his bed and he must lie in it. That bed is in Mt. Olive [Correctional Complex].[3]

Petitioner appealed to this Court.[4]

On April 27, 2012, petitioner filed a motion to supplement his brief, and respondent supported the motion. This Court granted the motion to supplement on May 2, 2012. Respondent then filed her summary response on May 15, 2012. On August 22, 2012, petitioner filed a motion for appointment of counsel which appears to be in partial response to respondent's suggestion that the case be remanded for further proceedings. The August 22, 2012, motion is pending.

STANDARD OF REVIEW

---

[3] Petitioner was later transferred to Huttonsville Correctional Center and then to Parkersburg Correctional Center.

[4] A motion was filed by respondent to consolidate this case with an original jurisdiction proceeding petitioner had filed in No. 11-0856. The Court refused the motion as moot because the original jurisdiction petition had previously been refused.

We review the circuit court's order summarily dismissing a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

## DISCUSSION

On appeal, petitioner indicates that he should be appointed counsel as he is unschooled in the law. Petitioner notes that the circuit court did not conduct a hearing before a ruling was made. Petitioner asserts that the multiple letters and motions the circuit court mentioned in its order had nothing to do with the instant habeas proceeding. Petitioner further asserts that there is no way for him to have a fair hearing in Mineral County when his former trial counsel is now the assistant prosecuting attorney.

Respondent indicates that petitioner raised the same six grounds for relief in the case at bar and in No. 11-0856. Respondent suggests that the instant habeas proceeding should be remanded to the circuit court for appointment of counsel and further proceedings.[5] Respondent states that at least three of petitioner's claims, which involve the voluntariness of the plea and ineffective assistance of counsel, require the taking of evidence. Respondent further states that it is unclear whether the remaining two claims are "record" issues or if the circuit court would be required to decide them in the first instance. Respondent asserts that the circuit court could request that the West Virginia Prosecuting Attorney's Institute provide a special prosecuting attorney for petitioner's habeas proceeding.

"A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in summarily dismissing petitioner's habeas petition.[6]

---

[5] The same suggestion was made in 11-0856. As with that case, this Court is under no obligation to follow respondent's suggestion. *See* Syl. Pt. 8, *State v. Julius* 185 W.Va. 422, 408 S.E.2d 1 (1991) ("This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred.").

[6] Therefore, this Court finds that petitioner's August 22, 2012, motion for appointment of counsel should be and is hereby denied.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Mineral County and affirm its February 7, 2012 order summarily dismissing petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**   April 5, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II