# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Donald Lee Taylor,**
**Petitioner Below, Petitioner**

**FILED**

**April 20, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 17-0351** (Marshall County 17-C-38)

**Patrick Mirandy, Warden,**
**St. Marys Correctional Center,**
**and Loita Butcher, Acting Commissioner;**
**West Virginia Division of Corrections,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Donald Lee Taylor, pro se, appeals the March 3, 2017, order of the Circuit Court of Marshall County dismissing his petition for writ of habeas corpus. Respondents Patrick Mirandy, Warden, St. Marys Correctional Center, and Loita Butcher, Acting Commissioner, West Virginia Division of Corrections (collectively, "DOC"), by counsel John H. Boothroyd, filed a summary response in support of the circuit court's order.[1] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an inmate in the DOC's custody. Prior to January 11, 2017, the DOC housed petitioner at the Northern Correctional Facility ("NCF") in Marshall County, West Virginia. While at the NCF, petitioner became infatuated with a female corrections officer. According to the incident report filed by the corrections officer, petitioner expressed his interest in her by leaving a package of Skittles at her station as a gift, writing her various notes, and following her "to whatever post [she] was working." On November 13, 2016, after petitioner saw the corrections officer talking to other inmates, he wrote her a note that stated the following: "What other inmates

---

[1]Patrick Mirandy, Warden, St. Marys Correctional Center, now has custody of petitioner. Accordingly, this Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

are you talking to? You better watch who you're talking to, and you better watch your back. You'll never hear from me again." After receiving that note, the corrections officer never received any more notes from petitioner, but still "had issues with him trying to approach [her]." The corrections officer filed her incident report on December 30, 2016, and petitioner was charged with violating disciplinary rule 1.25 which prohibits "compromising" a DOC employee.[2]

Petitioner's disciplinary hearing occurred on January 10, 11, and 24, 2017. During the hearing, petitioner requested that the disciplinary charge be dismissed on various procedural grounds. The hearing officer denied all such requests including petitioner's claim that the disciplinary hearing was not completed within fifteen business days as required by disciplinary rule 6.07(f). The hearing officer found petitioner guilty of "compromising" the corrections officer in violation of disciplinary rule 1.25 based on the officer's incident report and her testimony that it "was true and correct." The hearing officer sentenced petitioner to sixty days of punitive segregation with loss of privileges pursuant to disciplinary rules 5.01(b)(1) and (3). Petitioner appealed the hearing officer's decision to the NCF's warden and the DOC Commissioner, both of whom affirmed the decision.

On March 1, 2017, petitioner filed a petition for writ of habeas corpus challenging the hearing officer's decision in the Circuit Court of Marshall County. By order entered on March 3, 2017, the circuit court dismissed the petition, finding that it was not in the best position to decide the issues raised therein. Petitioner and the DOC agree that, by the time the disciplinary hearing concluded on January 24, 2017, petitioner had been transferred to Huttonsville Correctional Center ("HCC") in Randolph County, West Virginia.[3]

We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016).

On appeal, the parties dispute whether the circuit court's dismissal of petitioner's petition was correct under *State ex rel. McLaughlin v. Vickers*, 207 W.Va. 405, 533 S.E.2d 38 (2000), and *Adams v. Circuit Court of Randolph County*, 173 W.Va. 448, 317 S.E.2d 808 (1984), which set

---

[2]Inmate disciplinary rules, sanctions, and procedural guidelines promulgated by the DOC are set forth in its Policy Directive 325.00. *See infra.*

[3]The record reflects that petitioner appeared at the January 24, 2017, hearing by telephone.

forth standards for transferring habeas petitions to the proper court depending on the nature of the allegations therein. We need not resolve this dispute. As in *Adams*, *see* 173 W.Va. at 451, 317 S.E.2d at 811, we find that, under the facts and circumstances of this case, it is appropriate that we decide the merits ourselves. Furthermore, we may "affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason[,] or theory assigned by the lower court as the basis for its judgment." *State v. Coles*, 234 W.Va. 132, 139 n.18, 763 S.E.2d 843, 850 n.18 (2014) (quoting Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965)).

Petitioner bases most of his arguments (including his challenge to being sentenced to sixty days of punitive segregation) on a memorandum order entered by the Circuit Court of Randolph County during long-running litigation regarding the conditions of confinement at HCC, not the NCF. We note that, when the *final* order in that litigation was appealed in *Nobles v. Duncil*, 202 W.Va. 523, 534, 505 S.E.2d 442, 453 (1998), we only partially upheld the rulings therein, stating that "[w]e must be careful not to substitute our judgment for that of prison administrators." Given that the memorandum order included in petitioner's appendix is undated and incomplete, we decline to address any argument that is based on it pursuant to Rule 10(c)(7) of the Rules of Appellate Procedure. *See State v. Honaker*, 193 W.Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994) (stating that issues based on a "missing record" will be ignored).

Petitioner further argues that his disciplinary proceeding failed to comply with the procedural guidelines set forth in DOC Policy Directive 325.00. However, § I of the policy directive provides that the guidelines therein "shall not be construed as vesting with any inmate a liberty or property interest greater than that, which is otherwise provided by law." Therefore, we find that the hearing officer's procedural rulings should be reviewed for an abuse of discretion because that standard generally applies to such rulings. *See* Syl. Pt. 1*, McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995). Based on our review of the record, we conclude that the hearing officer did not abuse her discretion in denying petitioner's requests to dismiss the disciplinary charge on various procedural grounds including his claim that the disciplinary hearing was not completed within the time specified in disciplinary rule 6.07(f).

We further find that petitioner was not denied due process of law. In syllabus point one of *Nobles*, we reiterated that due process requirements for prison disciplinary hearings are:

> "(a) Written notice to the inmate of the claimed violation; (b) Disclosure to him of the evidence against him; (c) Opportunity to be heard and to present witnesses and documentary evidence; (d) The right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) A neutral and detached hearing body; (f) A written statement by the fact-finders of the evidence relied on and reasons for discipline; and (g) The right to counsel if the state is represented by a lawyer." Syllabus Point 1, *Harrah v. Leverette*, 165 W.Va. 665, 271 S.E.2d 322 (1980).

202 W.Va. at 525, 505 S.E.2d at 444.

We find that only the first requirement could conceivably have been violated in this case.[4] Petitioner alleges that he did not have adequate notice of the charge against him because the corrections officer did not include many dates in her incident report. We find that the corrections officer included three dates in her report. First, the corrections officer stated that petitioner's inappropriate conduct towards her began on November 6, 2016, when he left the package of Skittles at her station. Second, the corrections officer indicated that November 13, 2016, was a pivotal date because that was the night when petitioner wrote her the note that stated: "What other inmates are you talking to? You better watch who you're talking to, and you better watch your back. You'll never hear from me again." Third, the corrections officer indicated that, even after petitioner stopped writing her notes, he still tried "to approach" her at various times up until the date of the report, December 30, 2016. Therefore, based on our review of the December 30, 2016, incident report, we find that petitioner had adequate notice of the correctional officer's timeline of his inappropriate conduct towards her.

Finally, petitioner argues that insufficient evidence existed to sustain his conviction pursuant to disciplinary rule 1.25. We disagree and note that the standard for upholding a disciplinary conviction requires only that there is some evidence to support the conviction. *See Snider v. Fox*, 218 W.Va. 663, 666-67, 627 S.E.2d 353, 356-57 (2006). The relevant question is "whether there is *any* evidence in the record that could support the conclusion reached by the [hearing officer]." *Id.* at 667, 627 S.E.2d at 357 (quoting *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985)) (emphasis added). We give substantial deference to the hearing officer's findings because ascertaining whether this standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* (quoting *Walpole*, 472 U.S. at 455).

Petitioner notes that, during his cross-examination of the corrections officer, she testified that he never asked her to break any law or regulation for him. However, we find that disciplinary rule 1.25 also prohibits "compromising" a DOC employee by causing him or her to "jeopardize security" or "engage in poor work performance." In this case, it is obvious from the corrections officer's incident report that she found petitioner's improper conduct troubling. The corrections officer stated that, in petitioner's November 13, 2016, note to her, he "seemed very agitated with [her]." The corrections officer further stated that, both before and after receipt of that note, petitioner would follow her "to whatever post [she] was working" or attempt "to approach" her. In short, because of petitioner's infatuation with the corrections officer, he distracted the officer from doing her job which was to help ensure security at the NCF. Therefore, based on our review of the record, we find that there was some evidence that petitioner "compromised" the corrections officer and conclude that the hearing officer did not err in finding a violation of disciplinary rule 1.25. Given that petitioner's arguments are without merit, we find that the circuit court's dismissal of his habeas petition was proper.

---

[4]We note petitioner's allegation that the hearing officer was biased against him, but find that an inmate's mere disagreement with the hearing officer's rulings will not support a claim that there was no neutral and detached hearing body.

For the foregoing reasons, we affirm the circuit court's March 3, 2017, order dismissing the petition for writ of habeas corpus.

                                                                          Affirmed.

**ISSUED**:   April 20, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker