**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**John David Smith,**
**Petitioner Below, Petitioner**

**vs.) No. 21-0588** (Wood County 19-P-60)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**


Self-represented petitioner John David Smith appeals the June 22, 2021, order of the Circuit Court of Wood County denying his motion requesting that the January 31, 2021, order denying his amended petition for a writ of habeas corpus be reentered nunc pro tunc and denying his motion for appointment of habeas appellate counsel. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Patrick Morrisey and Andrea Nease Proper, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1970, when petitioner was nineteen years old, he was implicated in the death of William Straight. In 1972, petitioner was convicted of the first-degree murder of Mr. Straight in the Roane County Circuit Court. Petitioner's Roane County conviction was subsequently reversed. The record is unclear as to whether the reversal of petitioner's first conviction occurred as a result of a criminal appeal or a habeas proceeding. However, following the remand of petitioner's case for a new trial, a change of venue caused the case to be transferred from the Roane County Circuit Court to the Wood County Circuit Court. Thereafter, in 1981, a jury once again found petitioner guilty

1

of the first-degree murder of Mr. Straight and did not make a recommendation of mercy. Accordingly, the Wood County Circuit Court sentenced petitioner to a life term of incarceration without the possibility of parole.

On October 26, 2012, petitioner filed the instant habeas petition in the Roane County Circuit Court. Following several substitutions of habeas counsel, the Roane County Circuit Court, by order entered on April 2, 2019, transferred the case to the Wood County Circuit Court because, while the murder occurred in Roane County, petitioner was ultimately convicted and sentenced in the Wood County Circuit Court.[1]

In petitioner's habeas petition, he argued that, in *Miller v. Alabama*, 567 U.S. 460 (2012), the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* at 465.[2] Petitioner further argued that *Miller* applied to his case because, while he was nineteen years old at the time of the murder, the age of majority in West Virginia was still twenty-one years in 1970 instead of eighteen years.[3]

On August 30, 2019, habeas counsel filed an amended petition in which petitioner's argument based upon *Miller* was his sole ground for relief. The Wood County Circuit Court ("habeas court"), by order entered on January 31, 2021, did not address the extent to which, if any, the age of majority in West Virginia in 1970 affected *Miller*'s applicability to petitioner's case. Rather, the habeas court relied upon *State v. Redman*, No. 13-0225, 2014 WL 1272553 (W. Va. Mar. 28, 2014) (memorandum decision), to find that *Miller* was inapplicable because a life sentence of incarceration without the possibility of parole is discretionary rather than mandatory in West Virginia. *Id.* at *3. Accordingly, the habeas court denied the amended petition.

Following the denial of petitioner's amended petition, his habeas counsel passed away in May of 2020. Accordingly, petitioner states that he did not learn of the denial of his amended

---

[1]In Syllabus Point 5 of *State ex rel. McLaughlin v. Vickers*, 207 W. Va. 405, 533 S.E.2d 38 (200), this Court held, in pertinent part, that:

> [i]n determining whether a habeas corpus petition is suitable for transfer to another court, the circuit court should consider whether the allegations set forth in the habeas petition relate to the petitioner's conviction and/or sentencing. If the petition does contain such allegations, then practical considerations and judicial economy ordinarily dictate that it be transferred to the county wherein the petitioner was convicted and sentenced. . . .

[2]As this Court noted in *Christopher J. v. Ames*, 241 W. Va. 822, 828 S.E.2d 884 (2019), "the decision in *Miller* was made retroactive in *Montgomery v. Louisiana*, [577] U.S. [190], 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016)." *Id.* at 828 n.10, 828 S.E.2d at 890 n.10.

[3]The Legislature lowered the age of majority from twenty-one years to eighteen years in 1972. *Dimitroff v. Dimitroff*, 159 W. Va. 57, 59, 218 S.E.2d 743, 744 (1975).

2

petition until April of 2021. On May 19, 2021, petitioner filed a motion requesting that the January 31, 2021, order denying his amended petition be reentered nunc pro tunc, and a motion for appointment of habeas appellate counsel. The habeas court, by order entered on June 22, 2021, denied petitioner's motions and designated its order a final appealable order.

Petitioner now appeals the circuit court's June 22, 2021, order denying his motion requesting that the January 31, 2021, order denying his amended petition be reentered nunc pro tunc, and denying his motion for appointment of habeas appellate counsel. In reviewing challenges to a habeas court's rulings, "[w]e review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Additionally, West Virginia Code § 53-4A-4(a) provides, in pertinent part, that motions for appointment of habeas appellate counsel shall be denied when "the petition . . . is without merit or is frivolous[.]"[4]

On appeal, petitioner concedes that he is jurisdictionally barred from appealing the habeas court's January 31, 2021, order denying his amended petition due to the expiration of the time period allotted to file an appeal.[5] We concur with the habeas court's finding that petitioner sought to have habeas appellate counsel appointed and "to provide new counsel time to file his appeal" from the January 31, 2021, order. In *Reynolds v. Ames*, No. 21-0256, 2021 WL 5179227 (W. Va. Nov. 8, 2021) (memorandum decision), this Court found that the petitioner in that case timely appealed the order denying his habeas petition because the order had been reentered. *Id.* at *4.[6] Therefore, as the reentry of an order is sufficient to renew the time in which to appeal, we find that petitioner's request for a nunc pro tunc order was superfluous.[7]

In denying petitioner's motions, the habeas court noted its finding in its January 31, 2021, order that *Miller* was inapplicable because a life sentence of incarceration without the possibility

---

[4]West Virginia Code § 53-4A-4(a) is a provision of the West Virginia Post-Conviction Habeas Corpus Act, West Virginia Code §§ 53-4A-1 to -11.

[5]West Virginia Code § 58-5-4 and Rule 5(f) of the West Virginia Rules of Appellate Procedure provide that there is a four-month period to appeal a final order. In *West Virginia Department of Energy v. Hobet Mining and Construction Co.*, 178 W. Va. 262, 358 S.E.2d 823 (1987), we found that "[the] failure to file a timely appeal presents a jurisdictional infirmity precluding the court from accepting the appeal." *Id.* at 264, 358 S.E.2d at 825.

[6] In *Reynolds v. Ames*, No. 21-0256, 2021 WL 5179227 (W. Va. Nov. 8, 2021) (memorandum decision), the order denying the habeas petition was reentered to correct the minor errors therein. *Id.* at *4.

[7]As respondent notes, "[n]unc pro tunc entries are usual only in situations where something that actually occurred on a prior date was omitted from the record by inadvertence or mistake[.]" *W. Va. Judicial Inquiry Comm'n v. Casto*, 163 W. Va. 661, 664, 263 S.E.2d 79, 81 (1979). Here, petitioner does not allege that something was inadvertently omitted from the record.

of parole is not mandatory in West Virginia. As this Court in *Redman* found,

> Upon examination of *Miller*, the circuit court found that it holds that a mandatory life sentence without parole for a convict who was a juvenile at the time of the offense is an unconstitutional violation of the Eighth Amendment's proscription on cruel and unusual punishment. West Virginia's statutory sentence for first[-]degree murder is distinct from Alabama's in that life without parole is not mandatory in this state, but rather is discretionary. *Miller* does not bar a discretionary life sentence without parole for a juvenile but only bars a mandatory life sentence without parole. Therefore, *Miller* does not apply herein to make petitioner's sentence illegal.

2014 WL 1272553, at *3. Accordingly, as the sole ground in petitioner's amended petition is without merit, we conclude that the habeas court did not err in denying both his motion for the reentry of the January 31, 2021, order and his motion for appointment of habeas appellate counsel. W. Va. Code § 53-4A-4(a); *Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981) (stating that an unsupported habeas claim "does not justify the issuance of a writ [or] the appointment of counsel").

For the foregoing reasons, we affirm the Wood County Circuit Court's June 22, 2021, order denying petitioner's motion for the reentry of the January 31, 2021, order denying his amended petition for a writ of habeas corpus, and denying his motion for appointment of habeas appellate counsel.

Affirmed.

**ISSUED:** March 9, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Alan D. Moats sitting by temporary assignment

**DISSENTING:**

Justice William R. Wooton

Wooton, Justice, dissenting:

I respectfully dissent, as I believe that neither the circuit court nor this Court has given the petitioner a fair opportunity to litigate a significant constitutional issue: whether the imposition of a sentence of life imprisonment without possibility of parole violated his rights under the United

4

States Constitution, amend. VIII, and/or the West Virginia Constitution, article III, section 5. At the time he committed the underlying offense the petitioner was nineteen years old, which was then below the age of majority in West Virginia. He has now been imprisoned for some *fifty years*, a fact over which the majority opinion glides lightly.[1]

First, I cannot discern any sustainable reason for the circuit court to have denied the petitioner's request for re-entry of the order denying his petition for a writ of habeas corpus, so that he could file a timely appeal.[2] The issue that the petitioner's attorney had raised in this case prior to her untimely death was substantial and merited resolution on the merits by this Court. The petitioner's testimony that he was unaware of his attorney's passing was undisputed. What purpose is served by cutting off the petitioner's right to appeal to this Court on the merits of his claim, after he finally learned that his counsel had died without having filed the appeal?

Second, for the circuit court to deny relief on the ground that the petitioner should have reached out to the judge, the clerk, or the prosecutor to find out "what's going on with my case" ignores the realities of habeas corpus litigation: these cases often go on for years during which the habeas petitioners, who are imprisoned and largely cut off from normal avenues of communication, have little choice but to sit back and await news. Indeed, the petitioner's habeas corpus case had been pending for eight years – and been handled by four different attorneys – by the time his final counsel passed away. Further, the court's finding that the petitioner had failed to "specifically request" that counsel file an appeal ignored the reality here, which was that petitioner tried but was unable to contact counsel, who died mere months after the circuit court entered its order and just weeks after the petitioner had written to her seeking information. In short, the petitioner never had a chance to "specifically request" anything, assuming, arguendo, that his doing so was a sine qua

---

[1]Neither party to this appeal has provided any information concerning the underlying offense, i.e., whether it was especially heinous, atrocious, or cruel, which makes it impossible for this Court to determine on the existing record whether locking up a nineteen-year-old boy and throwing away the key was a constitutionally reasonable punishment.

[2]Although the petitioner, a layman unschooled in the law, styled his request as one for entry of a nunc pro tunc order, it is clear that what he sought was to have the order re-entered for purposes of re-starting the appeal clock. In this regard, we have consistently held that pro se pleadings are to be liberally construed:

> Of course, the court must not overlook the rules to the prejudice of any party. The court should strive, however, to ensure that the diligent *pro se* party does not forfeit any substantial rights by inadvertent omission or mistake. Cases should be decided on the merits, and to that end, justice is served by reasonably accommodating all parties, whether represented by counsel or not.

*Esposito v. Mastrantoni*, No. 19-1023, 2021 WL 195288, at \*4 (W. Va. Jan. 20, 2021) (memorandum decision) (citing *Blair v. Maynard*, 174 W. Va. 247, 252-53, 324 S.E.2d 391, 396 (1984)).

non for appeal.

Third, and critically, both the circuit court and now a majority of this Court have seemingly adopted the decidedly nonjudicial doctrine of "no harm, no foul" as a basis on which to justify denying the petitioner an appeal. Application of the doctrine rests on *State v. Redman*, No. 13-0225, 2014 WL 1272553 (W. Va. Mar. 28, 2014) (memorandum decision), which held that a *Miller*[3] claim does not lie in West Virginia because the decision to grant or deny the possibility of parole is discretionary, not mandatory. *Id*. at *3. Although it is well established that "[t]he memorandum decisions issued by the Court fully comply with Article VIII, Section 4 of the West Virginia Constitution by addressing every point fairly arising upon the record and by setting forth in a concisely stated writing the reasons for the Court's decision[,]"[4] a memorandum decision should not be used in place of a signed opinion to resolve constitutional issues of first impression – which is exactly what happened in *Redman*. *See* W. Va. R. App. P. 20 ("Cases suitable for Rule 20 argument include, but are not limited to: (1) cases involving issues of first impression . . . (3) cases involving constitutional questions[.]") Without question, the issue in *Redman* satisfied both of these criteria, and therefore in my view the applicability of *Miller* to the case at bar should be decided in an authored opinion with a syllabus point, following Rule 20 argument. Additionally, even giving *Redman* precedential effect, that case resolved only the Eighth Amendment issue raised in *Miller*, not the parallel state constitutional issue. In this regard, I would respectfully remind the majority that this Court has an unbroken line of precedents permitting, and indeed sometimes requiring, us to "interpret [the West Virginia] Constitution to require higher standards of protection than afforded by comparable federal constitutional standards." *Pauley v. Kelly*, 162 W. Va. 672, 679, 255 S.E.2d 859, 864 (1979) (internal citation omitted). I have serious doubts as to whether the imprisonment of a juvenile offender for life, without any possibility of parole, passes constitutional muster under article III, section 5 of the West Virginia Constitution.

For all of these reasons, I respectfully dissent.

---

[3]*Miller v. Alabama*, 567 U.S. 460 (2012).

[4]Syl. Pt. 6, *In re Involuntary Hospitalization of T.O.*, 238 W. Va. 455, 796 S.E.2d 564 (2017).